1
2
3
4
5
6
7

JOHN G. WALSH, ESQ. (MA Bar No. 555649)
63 Atlantic Avenue, 3rd Flr.
Boston, MA 02110
johngwalshlaw@gmail.com
Telephone No.: (617) 851-2429
Counsel for Defendant
CHRISTOPHER RANIERI
Appearing Pro Hac Vice

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER RANIERI et al.,<br><br>Defendants. | Case No. 3:17-cr-00533-7 EMC<br><br>**DEFENDANT CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE *SUPERSEDING INDICTMENT***<br><br>**Date: June 11, 2021**<br>**Time: 1:00 pm**<br>**Dept.: Hon. Edward M. Chen** |

TO: THIS HONORABLE COURT; STEPHANY HINDS, ACTING UNITED STATES ATTORNEY, KEVIN J. BARRY, AJAY KRISHNAMURHTY and LINA Y. PENG and DEFENSE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on June 11, 2021 at 1:00 p.m. or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Edward M. Chen, the defendant Christopher Ranieri will and hereby does move the Court for an order, pursuant to Fed. R. Crim. Proc. 7(f), requiring the Government to provide a Bill of Particulars to give him sufficient notice of the Racketeering Conspiracy charged in Count One of the

CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF
PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT

*Superseding Indictment*.  Such a bill is necessary to permit him to prepare adequate

defenses to that charge, avoid surprise at trial and allow him to assert his Fifth Amendment

rights against Double Jeopardy should he not be convicted in this proceeding.

### 1. Count One: Racketeering Conspiracy-18 U.S.C. §1962(d).

(a)  Please specify the date upon which the racketeering conspiracy is claimed to have

begun and ended and Mr. Ranieri's alleged role in that conspiracy specifying any periods of

time during which the Government alleges that his role changed over time.

(b)  Please specify the date on which Mr. Ranieri purportedly agreed to join the charged

racketeering conspiracy; the precise words or conduct by which he allegedly agreed to do so;

where he supposedly joined the conspiracy; and who was present when it is claimed that such

an agreement was reached.

(c) Please specify when Mr. Ranieri agreed that "a conspirator would commit at least two

acts of racketeering activity in conducting the affairs of the enterprise"; where that agreement

was formed; who was present when each such agreement was reached; the precise words or

conduct by Mr. Ranieri which allegedly constitutes any such agreement/s; and the precise

nature of those acts.

(d) Please specify each alleged act constituting the claimed pattern of racketeering activity

asserted in Count One of the *Superseding Indictment* as to which it is claimed that Mr. Ranieri

committed or participated in, including the precise words or conduct by which he allegedly

did so; when it is claimed he did so; and who was present on each occasion when he did so.

(e)  Please specify where other than in the Northern District of California Mr. Ranieri

engaged in a pattern of racketeering activity as alleged in the *Superseding Indictment*.

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF
PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

(f) Please specify the names and addresses of all alleged co-conspirators not named in the *Superseding Indictment* who are described as "… others known and unknown to the Grand Jury, … " in ¶20 thereof.

(g) Please specify whether it is claimed that Mr. Ranieri has continued his alleged participation in the conspiracy charged in Count One of the *Superseding Indictment* since his arrest and, if so, how he has done so.


This motion is based on the files and records of the case, on the Fifth and Sixth Amendments to the United States Constitution, on the applicable provisions of the Federal Rules of Criminal Procedure and on the Memorandum of Points and Authorities filed herewith, and on such further evidence and argument as may hereafter appear.



Dated:  May 21, 2021                              Respectfully submitted,


                                                  By: /s/ John G. Walsh
                                                  John G. Walsh

                                                  Attorney for Defendant,
                                                  CHRISTOPHER RANIERI

3

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

1

**TABLE OF CONTENTS**

2

**PAGE**

3  TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

4

5  MEMORANDUM AND POINTS OF AUTHORITIES . . . . . . . . . . . .    6

6    I.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

7

8  II. Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . .    8

    A. Pertinent Authority . . . . . . . . . . . . . . . . . . . . . . . .    8

9

10      B. A Bill of Particulars is Necessary and Warranted . . . . . . . . . . . .    10

11  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*United States v. Ablett*, No. C 09-749 RS, 2010 U.S. Dist. LEXIS 87122,
  2010 WL 3063145 (N.D. Cal. Aug. 3, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . .   8,11,12

*U.S. v. Ayers*, 924 F.2d 1468 (9th Cir., 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*United States v. Bortnovsky,* 820 F.2d 572 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . .   9

*United States v. Cerna*, No. CR 08-0730 WHA, 2009 U.S. Dist. Lexis 133644
  (N.D. Cal. September 16, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8,11

*United States v. Diaz,* 2007 WL 4169973 (N.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . .   9

*United States v. Hernandez*, No. CR-14-0120 EMC, 2015 U.S. Dist. Lexis 96402
  (N.D. Cal. July 23, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*United States v. Kotteokos*, 328 U.S. 750 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*United States v. Long*, 706 F.2d 1044 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . .   8,9

*United States v. Ramirez*, 54 F. Supp. 2d 25 (D.C. Cir. 1999) . . . . . . . . . . . . . . . .   12

*United States v. Strawberry*, 892 F. Supp. 519 (S.D.N.Y. 1989) . . . . . . . . . . . . . .   12

**Constitutional Amendments**

Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2,3,8

Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

**Other Authority**

Federal Rule of Criminal Procedure 7(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1,8

Ninth Circuit Jury Instruction 8.22 *(Multiple Conspiracies)* . . . . . . . . . . . . . . . . . .   10

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF
PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION.**

On October 10, 2017, Christopher Ranieri and ten other individuals were indicted and charged with various offenses.[1]  Count One of the *Indictment* charged him with engaging in a racketeering conspiracy under 18 U.S.C. §1962(d) in connection with an alleged enterprise known as the Hells Angels Sonoma County Chapter (HASC).  Count Two charged that he, Jonathan Nelson, Brian Wendt and Russell Ott conspired to commit murder in aid of racketeering under 18 U.S.C. §1959(a)(5).  (Dckt. No. 1).

The *Superseding Indictment* was filed on September 11, 2018. (Dckt. No. 374).  Count One thereof again charged Mr. Ranieri, and eight other individuals, with racketeering conspiracy in relation to the same claimed HASC enterprise, (Id., pp. 7-11).  Count Two thereof likewise again charged him, together Messrs. Nelson, Wendt and Ott with conspiring to commit murder in aid of racketeering.  (Id., pp. 11-12).

Paragraphs 11 of the *Superseding Indictment* asserts that the HASC is a RICO "enterprise" and attempts to fold into that enterprise alleged Hells Angels who are not members of the HASC but who have "close relationships" with it --- particularly members of the Fresno, California and Salem/Boston chapters of the Hells Angels and specifically Messrs. Wendt and Ranieri. (see, e.g., Id., ¶¶1, 7 and 20-23).

Count One broadly alleges an array of wrongdoing by the defendants, other than Brian Burke and Merle Hefferman, over at least a fourteen-year period as forming the claimed conduct of this so-called enterprise.  This conduct includes "multiple acts and threats" involving

6

---
[1] The charges in the *Indictment* against Jason Randall Cliff were dismissed following his death. (Dckt. No. 278).

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

murder, robbery, extortion, robbery,  extortion, witness intimidation and controlled substance

offenses.  (Superseding Indictment, ¶¶19-23).  (See also, Id., ¶6 which asserts that the defendants

also engaged in illegal firearms possession and obstruction of justice).  These acts ostensibly

occurred in the Northern District of California "and elsewhere." (Id., ¶20).[2]

Here, a bill of particulars is  necessary and warranted  because Mr. Ranieri is  unable  to

discern from the *Superseding Indictment*, or  the discovery and information  made available to

him during this case, important aspects related to the racketeering conspiracy charge

against him.  Indeed, the Government's use of generalities coupled  with passages of

relevant statutory language has resulted in broad, shapeless allegations against him that fail to

competently notify him of this charge.  The *Superseding Indictment,* for instance, utterly fails to

give him even the most fundamental notice as to, among other things, whether and when he

entered such a conspiracy; or of his professed role, if any, in it; or whether he agreed that he or a

co-conspirator/s would commit at least two acts of racketeering activity in furtherance of this

conspiracy.

Mr. Ranieri does not seek an unusual or extraordinary remedy – particularly in view of the

Government's position that it will not reveal statements by certain classes of witnesses and other

materials which it maintains must be protected from disclosure at this point. He instead now

avails himself of one of the few measures available to him that may at least provide him with

greater notice than do the four corners of the *Superseding Indictment* and the discovery produced

to date by the Government.   Such notice is necessary and warranted to inform him of the nature

of this charge against him with sufficient precision to enable him to prepare for trial; avoid or

7

_____

[2] The *Superseding Indictment* alleges that at least sixteen overt acts were committed by various
defendants in furtherance of this conspiracy, but its overt acts allegations do not include any
accusations against Mr. Ranieri.  (Id., ¶22a-p).

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF**
**PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

1   minimize the danger of surprise at trial; and protect him from double jeopardy. *U.S. v. Ayers*, 924

2   F.2d 1468, 1483 (9th Cir., 1991). See also, *U.S. v. Cerna*, et al., CR-08-0730-WHA, Doc 632,

3   filed September 16, 2009, 2009 U.S. Dist. LEXIS 133644.

4

5

6   **II.      ARGUMENT AND AUTHORITIES.**

7           **A. Pertinent Authority.**

8           Under Fed. R. Crim. Pro. 7(f), the Court may direct the Government to file a bill of

9   particulars.  The decision as to whether to grant a request for a bill of particulars is within the trial

10   court's discretion.  *United States v. Cerna*, No. CR 08-0730 WHA, 2009 U.S. Dist. Lexis 133644

11   (N.D. Cal. September 16, 2009) (citing *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.

12   1983).

13

14           The Ninth Circuit has explained that a bill of particulars serves three functions: "… to

15   inform a defendant of the nature of the charges against him with sufficient [*10] precision to

16   enable him to prepare for trial; to avoid or minimize the danger of surprise at the time of trial; and

17   to protect against double jeopardy.  *Cerna*, at 9-10.  See also, *United States v. Hernandez*, No.

18   CR-14-0120 EMC, 2015 U.S. Dist. Lexis 96402, at *413 (N.D. Cal. July 23, 2015) (the purpose

19   of a bill of particulars is to clarify ambiguities in an indictment, *United States v. Ablett*, No. C 09-

20   749 RS, 2010 U.S. Dist. LEXIS 87122, 2010 WL 3063145, at *3 (N.D. Cal. Aug. 3, 2010)…., so

21   as to "inform the defendant of the nature of the charge against him with sufficient precision to

22   enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and

23   to enable him to plead his acquittal or conviction in bar of another prosecution for the same

24   offense when the indictment itself is too vague, and indefinite for such purposes").

25

26

27                                                    8

28   **CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF**
     **PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

The Court should consider whether a defendant has been adequately advised of the charges through the indictment and all other disclosures made by the government in determining whether to order a bill of particulars. *Long*, supra, 706 F.2d at 1054. Thus, in this regard, the disclosure of discovery is an important consideration. However, a bill of particulars is often necessary to provide a defendant with adequate notice of the basis of the charges in an indictment and of the theory of the Government's case even if the Government has complied with its mandated discovery obligations. See, *United States v. Diaz*, 2007 WL 4169973, *5 (N.D. Cal.)("Merely referring to a range of several hundred pages (or thousands in some cases) in discovery is not an informative outline . . . First, too much is left to guess work. Notice means notice. It does not mean a scavenger hunt for clues in discovery, including redacted pages"). See also, *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) (appellants' convictions reversed and case remanded upon a finding that a bill of particulars was "vital to appellants' understanding of the charges and to preparation of a defense," but denied by the court below. The Court of Appeals explained that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged." By forcing the defendants in *Bortnovsky* to explain the circumstances surrounding numerous actual burglaries and to confront numerous documents unrelated to the charges, the Court found that "[i]n effect, the burden of proof impermissibly was shifted to appellants").

/ / /

/ / /

/ / /

/ / /

9

**B.  A Bill of Particulars is Necessary and Warranted.**

The RICO conspiracy allegations in Count One of the *Superseding Indictment* against Mr. Ranieri are unjustly indefinite and fail to provide him adequate notice of this charge.  Thus, a bill of particulars is necessary and warranted and, hence, his present motion should be allowed.

First, when the general statutory language is excised from Count One what remains is an allegation that Mr. Ranieri, together with one or more of his eight co-defendants or someone else known or unknown, conspired, at some point during the last fourteen or more years, to commit a crime of some sort, against someone, in the Northern District of California or elsewhere.  This count fails to offer any detail, indirect or otherwise, regarding his assumed agreement to join such a conspiracy or of his presumed agreement that he or an alleged co-conspirator would commit two predicate acts in furtherance thereof or that he committed any act in furtherance thereof.  Consequently, there is simply no way for him to prepare to defend this charge at trial; avoid or minimize the danger of surprise at trial; or protect himself from double jeopardy.

Second, one cannot determine from the *Superseding Indictment* whether the Government has in fact charged a valid, single, over-all conspiracy, as may be alleged in Count One, or whether the *Superseding Indictment* alleges a series of separate conspiracies and, therefore, may be subject to challenge on that basis, in which different individuals joined, if at all, at various times and under varying conditions. See, *United States v. Kotteokos*, 328 U.S. 750 (1946). See also, Ninth Circuit Jury Instruction 8.22 (*Multiple Conspiracies*).[3]  While this may eventually be

10

---

[3] You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

a matter of proof at trial, Mr. Ranieri is entitled to now know the facts under which the case

against him was presented to the grand jury.

Third, as noted above, the racketeering conspiracy charge alleges a variety of wrongdoings beginning from a date unknown and lasting over at least a fourteen-year period, as demonstrating the alleged conduct of the RICO conspiracy or series of conspiracies. It fails, however, to specify the date upon which the racketeering conspiracy is alleged, or conspiracies are alleged, to have begun and when Mr. Ranieri allegedly joined that conspiracy or those conspiracies.

Although the *Superseding Indictment* asserts that the racketeering conspiracy has been ongoing since at least 2007, such an extended temporal range produces no temporal specificity with respect to these allegations. See, *Ablett*, supra, 2010 U.S. Dist. LEXIS 87122, at *10-11 (government ordered to clarify the time encompassed within the phrase "[a]t all times relevant to the Indictment" since indictment refers to "ongoing criminal conduct by the Mongols gang, and is therefore vague and warrants clarification in order to put the defendant on notice and prevent surprise at trial").  Furthermore, in our present context in which the Government has declared its intent to assert *Pinkerton* liability against the defendants, Mr. Ranieri must now know when he and his co-defendants allegedly agreed to join this far-flung, comprehensive conspiracy, or conspiracies, in order that he be adequately notified of the universe of conduct against which he must prepare his defense.  See, *United States v. Cerna*, No. CR 08-0730 WHA, 2009 U.S. Dist. Lexis 133644, at **12-13 (N.D. Cal. September 16, 2009) (in RICO conspiracy government

11

Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

required to provide particulars with respect to date defendants allegedly `first joined conspiracy; under the *Pinkerton* doctrine, once a defendant joins a conspiracy, he or she is potentially liable for the actions of other defendants in furtherance of the conspiracy, without knowing when they are alleged to have joined each conspiracy, defendants cannot know the universe of conduct against which they must prepare a defense).  See also, *United States v. Ablett*, 2010 U.S. Dist. LEXIS 87122, *10-11 (N.D.Cal., Aug. 3, 2010); *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.C. Cir. 1999) (defendant is entitled to a bill of particulars specifying "the approximate date upon which each defendant allegedly joined the conspiracy"); *United States v. Strawberry*, 892 F. Supp. 519, 527 (S.D.N.Y. 1989) (requiring particularization of "[t]he dates the government will claim the defendants and co-conspirators joined and left conspiracy").

Finally, the Government must particularize its allegations that Mr. Ranieri and his co-defendants agreed that it "… was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise." (*Superseding Indictment*, at ¶21).  Neither the *Superseding Indictment* nor the discovery produced provides sufficient notice to him as to when, where or how such an agreement was made, who was present when such an agreement, if any, was reached, and which acts are alleged to have been the subject of any such agreement.  It is necessary that he be sufficiently notified of the precise words or conduct by him, and by his alleged co-conspirators, which the Government claims constitute such an agreement.

/ / /

/ / /

/ / /

**CHRISTOPHER RANIERI'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS AS TO COUNT ONE OF THE SUPERSEDING INDICTMENT**

1

## <u>CONCLUSION</u>

2

For the reasons set forth herein, it is respectfully submitted that Mr. Ranieri is entitled to the

3

bill of particulars he has requested and that the Court should in its discretion grant him this relief.

4

5

6

May 21, 2012                                            Respectfully submitted,

7

8

By: /s/ John G. Walsh
John G. Walsh

9

Attorney for Defendant,
CHRISTOPHER RANIERI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

13

28