MICHAEL CLOUGH State Bar No. 235410
Law Offices of Michael Clough
6114 LaSalle Ave #833
Oakland, CA 94611
Telephone: (650) 274-7764
cloughlawoffices@gmail.com
Counsel for Defendant Russell A. Lyles, Jr.

# U.S. DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al,<br>(DEFENDANT (3) RUSSELL LYLES JR.),<br>　　　　Defendant. | Case No.: 3:17-cr-00533-EMC<br><br>DEFENDANT LYLES' JOINDER OF MOTION TO DISMISS COUNTS FIVE AND SIX FILED BY DEFENDANT FOAKES AND REQUEST FOR A BILL OF PARTICULARS. |

　　　Defendant Lyles hereby joins the motions to dismiss Counts Five and Six filed by Defendant Foakes, ECF #1791.

　　　Because Lyles has not been included in Trial Group One as it is presently constituted he has repeatedly objected to any requirement that he file motions by deadlines set based on trial one's scheduled start date and the readiness of Trial Group One. No Defendant in Trial Group One filed a motion challenging the Indictment as to Counts Five and Six. For that reason, Mr. Lyles does not believe he, Defendant Foakes, or Defendant Greer, the non-Trial Group One defendants charged in Counts Five and Six, are required to file motions attacking the facial validity of Counts Five and Six at this time and reserves his right to later file

additional challenges to the Superseding Indictment not made by any other defendant at this time.

Defendant Nelson has filed a motion to dismiss Count Seven. ECF #1792. Because he is not charged in that Count, Defendant Lyles does not believe he has standing or reason to join that motion. However, to the extent that the Government may argue that Count Seven is related to Count One, Mr. Lyles joins Mr. Nelson's motion in full.

## JOINDER WITH DEFENDANT FOAKES' MOTION TO DISMISS COUNTS FIVE AND SIX

Because he understands and appreciates the Court's desire to not waste the time and resources of the Court and counsel by unnecessarily relitigating motions on matters that affect multiple defendants, counsel for Mr. Lyles diligently and carefully read Mr. Foakes' motion challenging Counts Five and Six in the Superseding Indictment, ECF #1791, and hereby joins it on the following grounds:

1. Counts Five And Six Are Insufficient Because, As To Defendant Lyles, The Superseding Indictment Fails To Plead Critical Elements Of A VICAR Charge Adequately And With Specificity.

Defendant Foakes' motion correctly identifies the elements of a VICAR offense and the reasons that it was insufficiently pleaded as to him. ECF #1791, p. 15-18. Defendant Lyles hereby adopts the authority and argument in that motion.

Additionally, based on the Superseding Indictment and the discovery he has received in the more than three years since he was charged in Counts Five and Six, Mr. Lyles has no idea as to the specific role he is alleged to have played in the commission of Counts Five and Six, or how whatever actions the Government may believe he took in relation to the crimes alleged in Counts Five and Six were "for the purpose of gaining entrance to or maintaining or increasing position in the enterprise." Because those elements of Counts Five and Six are not adequately

pleaded in the Superseding Indictment, Mr. Lyles has no effective notice of the only two substantive charges alleged against him in this case. For that reason, Counts Five and Six should be dismissed as to him. In the alternative, as requested below, Mr. Lyles requests that the Court order the Government to provide him with a bill of particulars as to those elements of Counts Five and Six.

    2.    Counts Five and Six Must be Dismissed for Insufficiency as the State Offenses Are Not a Categorical Match with the Generic Federal Offenses.

Defendant Lyles hereby joins this motion based on the authority and reasons stated in Defendant Foakes' motion, ECF #1791, p. 18-21.

    3.    Counts Five and Six are Insufficient Because the Counts do not Allege a Substantial Effect on Interstate Commerce.

Defendant Lyles hereby joins this motion based on the authority and reasons stated in Defendant Foakes' motion, ECF #1791, p. 21.

### REQUEST FOR A BILL OF PARTICULARS AS TO THE VICAR ELEMENTS OF COUNTS FIVE AND SIX

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant Lyles requests and moves for an order requiring the Government to provide a Bill of Particulars to give him sufficient notice as to the VICAR allegations necessarily included in Counts Five and Six. Such a bill is necessary to permit him to prepare adequate defenses to that charge, avoid surprise at trial and allow him to assert his Fifth Amendment rights against Double Jeopardy should he not be convicted in this proceeding.

Specifically, with regard to Count Five and Count Six, Defendant Lyles requests that the Court order the Government to specify:

    1.    The role that it intends to prove Mr. Lyles played in the "maiming" of "Victim 5" alleged in Count Five and the "assault with a dangerous weapon"

alleged in Count Six including whether the Government intends to allege that he personally participated in the alleged "maiming" and "assault."

2. If the Government alleges that Mr. Lyles personally participated in the alleged maiming and assault, the specific time on November 26, 2016 that the Government alleges the alleged maiming and assault took place.

3. If the Government alleges that Mr. Lyles personally participated in the alleged maiming and assault, the specific ways in which Mr. Lyles participated in the alleged maiming and assault.

4. If the Government alleges that Mr. Lyles "aided and abetted others," the specific ways and means -- i.e. actions, assistance, communications, etc. -- by and through which Mr. Lyles allegedly aided and abetted the alleged maiming and assault.

5. The Government's theory as to how the alleged maiming and assault of Victim 5 "maintained" or "increased" Mr. Lyles' "position in the alleged enterprise."

6. Whether and, if so, how the alleged enterprise differs from the Sonoma Charter of the Hells Angels.

**Background**

Immediately after Mr. Lyles surrendered and was taken into custody, counsel wrote to the prosecutors in this case, stated that he had no specific information that would allow him to ascertain the basis for the substantive charges against Mr. Lyles. Specifically, he wrote:

> ... I have no knowledge as to whether the government is alleging that Mr. Lyles personally maimed or assaulted victim 5, or, in the alternative, that he is culpable only as an aider and abettor. Indeed, I have no information that would allow me to determine if the government intends to allege that Mr. Lyles was present when victim 5 was allegedly maimed and/or assaulted, or even that he had knowledge that victim 5 was allegedly maimed.

Letter from Attorney Michael Clough to AUSA Barry and AUSA Cornell, December 17, 2017.

In the 41 months since counsel wrote that letter, the only discovery that counsel has received mentioning in any way Mr. Lyles' alleged role in the alleged "maiming" is a single report of an interview that, because it is designated as AEO, he cannot discuss with his client -- and that report is inconsistent with accounts included in other reports. In addition, although the Government subpoenaed Mr. Lyles' call detail records immediately after the November 26, 2016 incident, the Government has never disclosed those records to counsel for Mr. Lyles; and, despite repeated discovery requests, the Government has never offered any explanation as to why it has not produced those records.

**Legal Authority**

As elaborated in detail in the motion for a bill of particulars filed by Defendant Wendt, "An indictment is required to describe in plain, concise, and definite language the essential facts constituting the offense." ECF #1789, pp. 14-16 (citing generally, *United States v. James*, 980 F.2d 1314, 1316-1317 (9th Cir. 1992) cert. denied, 510 U.S. 838 (1993). Defendant Lyles hereby adopts the following clearly stated argument included in Wendt's motion:

> In determining if a Bill of Particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) cert denied, 444 U.S. 979. An indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S. 771, 763, 768 n. 15, 771 (1960); *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979); *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), cert. denied, 429 U.S. 1099 (1977). A motion for Bill of Particulars is appropriate where a defendant requires clarification in

order to prepare a defense. *Wills v. United States*, 389 U.S. 90, 99 (1967); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). This is because a defendant is entitled to understand the basis for the government's case. *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) cert. denied, 481 U.S. 1057 (1987).

ECF #1789, p.15. Defendant Lyles further adopts the arguments and authority supporting an order for a Bill of Particulars offered in Defendant Ranieri's motion for a Bill of Particulars. ECF #1791, pp. 8-9.

### Summary and Conclusion

It is truly astounding that more than 41 months after Mr. Lyles was arrested, taken into custody, and not released for two months based largely on Count Five and Count Six, the Government has failed to provide him with any basis to know what the Government intends to argue at trial regarding his alleged role in the alleged maiming and assault -- or who the witnesses against him are likely to be. Instead, because of the Government's pretense that the identities of Victims 5 and Victim 6 are unknown, the AEO protective order that was imposed in January 2019 and tightened in August 2019, and what counsel for Mr. Lyles believes was an improperly filed motion for an OSC that has chilled and deterred efforts to investigate the November 26, 2016 incident, counsel has not even been able to engage Mr. Lyles in the preparation of his own defense.

For these reasons, Defendant Lyles submits that this Court should dismiss Count Five and Count Six as to him, or, alternatively, grant his request for a bill of particulars.

DATED: May 24, 2021

                                              /s/ Michael Clough
                                              MICHAEL CLOUGH
                                              Attorney for Defendant
                                              RUSSELL LYLES Jr.