STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

TOM COLTHURST (CABN 99493)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
KEVIN J. BARRY (CABN 229748)
LINA Y. PENG (NYBN 5150032)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 17-CR-0533-EMC |
|---|---|
| Plaintiff, | ) |
| v. | ) Motion to Exclude State Court Verdict |
| JONATHAN JOSEPH NELSON et al, | ) |
| Defendants. | ) |

    The Court should exclude evidence of Nelson's state court acquittals because (1) the acquittals are not relevant, (2) any probative value "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time," Fed. R. Evid. 403, and (3) evidence of the acquittals is inadmissible hearsay.

**I.**     **Background**

    In 2008, Nelson was charged with a number of offenses following his participation in the McNear's assault. In 2010, he was convicted of battery, in violation of Cal. PC § 242. The jury found that the state had not proven that the battery was "committed for the benefit of, at the direction of, or in association with a criminal street gang," pursuant to Cal. PC § 186.22. The jury also acquitted Nelson of

participation in a criminal street gang, in violation of Cal. PC § 186.22; assault with a deadly weapon, in violation of Cal. PC § 245(a) (1); and assault, in violation of Cal. PC § 240.

## II.   Argument

The state court acquittals should be excluded. "In federal criminal prosecutions, courts have consistently held that evidence of an acquittal is generally inadmissible." *United States v. Young*, No. CR 10-00923 (C) SJO, 2013 WL 12222473, at *1 (C.D. Cal. Nov. 22, 2013). *See also Pico v. Woodford*, No. EDCV 06-00890-DSFMLG, 2008 WL 4811093, at *7 (C.D. Cal. Oct. 27, 2008) ("[F]ederal courts have uniformly concluded that evidence of a prior acquittal is neither a reliable indicator that the underlying conduct did not occur, nor a useful tool for the trier of fact.").

First, "evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *United States v. Kerley*, 643 F.2d 299, 300–01 (5th Cir. 1981). *See also United States v. Thomas*, 114 F.3d 228, 249 (D.C. Cir. 1997) ("[A] judgment of acquittal is not usually admissible to rebut inferences drawn from evidence that was admitted.").

Second, any probative value is substantially outweighed by a danger of unfair prejudice. "Because the elements of the state . . . charge[s] [are] entirely different from the elements of the federal charges in this case, the probative value of evidence of [Nelson's] acquittal" are "substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury." Take, for example, the gang enhancement specified in Cal. PC § 186.22. The elements of that offense require the prosecution to prove, among other things, that "at least two members of that same gang must have participated in committing the felony offense." JUDICIAL COUNCIL OF CALIFORNIA CRIMINAL JURY INSTRUCTION (2021) 1400 (Cal. Pen. Code § 186.22). By contrast, the McNears assault remains relevant here even if the United States does not satisfy that requirement. *United States v. Garcia–Santana*, 774 F.3d 528, 537 (9th Cir. 2014) (quotation omitted) (an overt act need only "manifest that the conspiracy is at work").

Similarly, the state offense requires the prosecution to prove a "pattern of criminal gang activity," which means that "[t]he crimes commonly benefitted a criminal street gang." JUDICIAL COUNCIL OF CALIFORNIA CRIMINAL JURY INSTRUCTION (2021) 1400 (Cal. Pen. Code § 186.22). That is

also contrary to what the United States needs to prove here. *United States v. Marino*, 277 F.3d 11, 28 (1st Cir. 2002) ("It is unnecessary for the pattern of racketeering to have benefitted the enterprise in any way.").

In light of these differing standards, evidence of the state court acquittals would confuse the issue, mislead the jury, and cause the United States unfair prejudice. Allowing evidence of the state court acquittals would also lead to unnecessary delay and waste of time as the United States would need to respond by explaining the difference between the cases and why Nelson's prior acquittals have no bearing on his federal charges.

Finally, the state court acquittals are also inadmissible hearsay. "Judgments of acquittal are hearsay." *United States v. Irvin*, 787 F.2d 1506, 1516–17 (11th Cir. 1986). "Unlike judgments of conviction, which may be admitted under Rule 803(22) of the Federal Rules of Evidence for some purposes, and used for impeachment under Rule 609, judgments of acquittal are not covered by an exception to the rule against admission of hearsay." *Id. See also United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979) ("The Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, Rule 803(22), not judgments of acquittal."); *United States v. Sutton*, 732 F.2d 1483, 1492 (10th Cir. 1984).

Against this backdrop, Nelson contends only that the acquittals have led to bias on the part of Police Chief Savano. Such an argument is entirely speculative. To begin with, as Nelson acknowledged during his cross-examination, Savano was not the investigating officer. Tr. 1549 ("I think the investigating officer was Jason Lechleiter. Right?"). Savano was instead a percipient witness who shared what he saw with the responding officers and then picked up surveillance video from McNears. Tr. 1539 – 1540. Moreover, when asked why he remembers the event, Savano did not say the event was particularly significant to him or his police department: he testified that he remembered what happened because "of the video and the supplemental report that [he] documented immediately following" the assault. Tr. 1564.

To the extent that Nelson wanted to inquire into bias, he had many other mechanisms available. He could have asked Savano, for example, about his perception of the Hells Angels; whether Savano viewed the Hells Angels as a problem for the City of Petaluma; or whether Savano had worked on cases

MOTION TO EXCLUDE
17-CR-0533-EMC
3

against the Hells Angels before he became Police Chief. He did not, and his backdoor attempt to introduce evidence of the state court acquittals should not be granted.

### III.  Conclusion

For the foregoing reasons, the United States requests that the Court exclude evidence of Nelson's state court acquittals.

DATED:  April 21, 2022                                          Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney


 _/s/_ Ajay Krishnamurthy_____
KEVIN J. BARRY
AJAY KRISHNAMURTHY
LINA Y. PENG
Assistant United States Attorneys