STEPHANIE M. HINDS (CABN 154284)
United States Attorney

TOM COLTHURST (CABN 99493)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
KEVIN J. BARRY (CABN 229748)
LINA PENG (NYBN 5150032)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7050
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-533-EMC |
| Plaintiff, | United States' Objection to Proposed Jury Instructions |
| v. | |
| JONATHAN JOSEPH NELSON, et al., | |
| Defendant. | |

    The United States objects to the defense's proposed jury instructions. The instructions inaccurately state the law and risk confusing the jury. Moreover, because there are many more bases for relevancy than stated in the instructions, and because additional bases for relevancy may or may not materialize later in trial, these instructions will prove unworkable in practice.

**I.    Background**

    The defense has asked the Court to instruct the jury that evidence of the 2008 McNears assault and 2008 Livermore incident is admitted "only for the limited purpose of establishing the existence of the HASC enterprise." ECF No. 2598 at 4.

**II. Argument**

There are several reasons that the Court should not give the defense's proposed instructions.

### A. *The instructions are inaccurate*

First, the instructions are inaccurate. "[E]vidence of uncharged crimes [is] admissible in a RICO prosecution as proof of an enterprise, of the continuity of racketeering activity, and of the defendant's knowledge of, agreement to, and participation in the conspiracy." *United States v. Henley*, 766 F.3d 893, 914–15 (8th Cir. 2014) (quotation omitted). *See also United States v. Finestone*, 816 F.2d 583, 587 (11th Cir. 1987) (Uncharged acts were "admissible to prove the membership and participation in the RICO conspiracy.")

In other words, the evidence that the United States has presented is relevant to establishing not only the existence of the enterprise, but also its character, as well as the defendants' awareness of the nature of the conspiracy of which they were a part.

For instance, the McNears assault is relevant to proving Nelson's participation in the conspiracy. The United States anticipates that witnesses will testify that HASC members and associates often discussed ongoing prosecutions; therefore, the McNears assault may also be relevant to proving Ott's and Wendt's knowledge of the nature of the conspiracy.

In addition, the Superseding Indictment alleges that "HASC works cooperatively with other Hells Angels chapters to engage in criminal activity." ECF No. 374, ¶ 7. The McNears assault is relevant to proving that allegation: Nelson (HASC) committed an assault along with a member of the San Francisco charter (Mark Guardado).

Similarly, the Superseding Indictment alleges that "HASC has a formal leadership and membership structure" that includes a "Vice-President." ECF No. 374, ¶ 8. The McNears assault and Livermore incident are relevant to proving those allegations. Nelson was arrested in a Hells Angels vest that had a "Vice President" tag, and Futrell testified that the HASC treasurer seemed to be "the man in charge" Tr. 1686.

Moreover, the Superseding Indictment alleges that the purposes of the enterprise included "preserving and protecting the power . . . of the enterprise . . . through the use of intimidation" and "keeping . . . community members in fear of the enterprise through violence and threats of violence."

USA Objections
CR 17-533 EMC

2

The McNears assault and Livermore incident are relevant to proving those allegations. Both incidents reflect attempts to intimidate community members.

Additionally, the Superseding Indictment alleges that one of the means and methods of the enterprise is that "members and associates of HASC agreed to purchase, possess, maintain, use, and circulate a collection of firearms for use in criminal activity." ECF No. 374, ¶ 15. The Livermore incident is relevant to proving that allegation because several guns were recovered during the search. Tr. 1628.

Instructing the jury that this evidence should be considered "only for the limited purpose of establishing the existence of the HASC enterprise," ECF No. 2598 at 4, is an inaccurate statement of law and risks confusing the jury.

### B. *The character of the enterprise is important to proving VICAR purpose*

Courts have recognized that VICAR purpose can be shown through evidence that "acts of violence were a common part of [the enterprise's] culture." *United States v. Banks*, 514 F.3d 959, 970 (9th Cir. 2008). The McNears assault, the Livermore incident, and the assaults on M.M. and J.T. are part of the prosecution's evidence that acts of violence were a common part of HASC's culture. The jury should be able to consider the evidence for that purpose as well.

### C. *The instructions are unworkable*

The proposed instructions are also unworkable because some bases for relevancy may not appear until later in the trial, if they appear at all. For instance, the Court heard testimony that T.C. was present at the time of the McNears assault, and involved in the Livermore incident. The evidence presented so far may therefore bear on his credibility. For one, the evidence demonstrates T.C.'s deep involvement in HASC, and makes his knowledge of the enterprise's activities more credible. On the other hand, if T.C.'s explanation of these incidents differs from that provided by other witnesses, this evidence may damage his credibility.

Because the Court will not be able to account for these possibilities, the defense's proposed instructions are unworkable.

### D. *The defense should identify improper uses of evidence*

Because there are many proper uses of the evidence introduced so far, any instruction should be

aimed at restricting improper use. In other words, the Court should tell the jury the purposes for which they <u>cannot</u> use evidence, rather than telling the jury that evidence can be considered only for a "limited" purpose.

### III.    Conclusion

For these reasons, the United States objects to the defense's proposed jury instructions.

DATED: April 21, 2022                                          Respectfully submitted,

                                                               STEPHANIE M. HINDS
                                                               United States Attorney


                                                               _____/s/_____
                                                               KEVIN J. BARRY
                                                               LINA PENG
                                                               AJAY KRISHNAMURTHY
                                                               Assistant United States Attorneys

USA Objections                                  4
CR 17-533 EMC