STEPHANIE M. HINDS (CABN 154284)
United States Attorney

TOM COLTHURST (CABN 99493)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
KEVIN J. BARRY (CABN 229748)
LINA PENG (NYBN 5150032)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7050
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-533-EMC |
| Plaintiff, | United States' Motion For Partial Reconsideration |
| v. | |
| JONATHAN JOSEPH NELSON, et al., | |
| Defendant. | |

    The United States moves for limited reconsideration of the Court's order excluding in part the proposed testimony of ATF Intelligence Operations Specialist Jeremy Scheetz.

    Through its opening statement and cross examinations, the defense has already put the credibility of Scheetz at issue, and argued that the United States had "unfair[ly]" prosecuted members of the Sonoma County Hells Angels. Therefore, in order to rebut that argument, Scheetz must be permitted to explain why his job requires him to monitor Outlaw Motorcycle Gangs, including the Hells Angels—specifically, that members of the Hells Angels have engaged in a consistent pattern of violence that began decades ago, and continues to this day.

## I. Background

During opening statements, defense counsel stated both that (1) the evidence would show that law enforcement had had "repeated[ly]" harassed members of the Hells and violated their civil rights and (2) Jeremy Scheetz "symbolizes this sort of 75 years of anti-Hells Angel sort of view."

Among other things, defense counsel stated that:

- The "Hells Angels believe that they have been harassed by the police for all these years," Tr. 1233;
- The Hells Angels "enforce civil rights lawsuits for police harassment throughout the country on a repeated basis . . . against police officers who profile them, who pull them over for no reason, who violate their Fourth and Sixth Amendment rights," Tr. 1233;
- Jeremy Scheetz "symbolizes this sort of 75 years of anti-Hells Angel sort of view," Tr. 1237.

When this issue was raised immediately after opening statements, the Court agreed that the defense had put Scheetz's credibility at issue and that:

> If he starts to introduce evidence on those points, on those broader points, I think your point about opening the door is when it has to be looked at seriously.

Tr. 1269.

The defense has in fact started to introduce evidence on those points. During defense counsel's cross-examination of Meghan Basso, Basso was asked:

- Whether the prosecutors "were very focused on [Basso's] relationship with Josh Johnson . . . because he was a Hells Angel"—which "felt unfair," Tr. 1886;
- Whether the prosecution "seemed pretty interested in the Sonoma Hells Angels" during their interviews of Basso, Tr. 1887.

## II. Argument

The defense has already put the credibility of Scheetz at issue, and suggested that the United States had "unfair[ly]" prosecuted members of the Sonoma County Hells Angels.

Therefore, in order to rebut that argument, Scheetz should be able to explain why his job exists, and why he monitors the Hells Angels and other Outlaw Motorcycle Gangs. Specifically, the United States proposes that Scheetz be permitted to testify that there exists a long history of violent acts

committed by members of the Hells Angels. While the basis for Scheetz's testimony is the long list of violent acts set out in his declaration, ECF No. 1084-1, ¶¶ 120 – 22, the United States does not intend to elicit those specific acts: just that there exists a long and consistent history of violence committed by members of the Hells Angels, and that this pattern has existed for decades. This proposed testimony is adequately supported by a factual basis, is similar to testimony that the Court has already allowed,[1] and fairly responds to the defense's arguments.

### III. Conclusion

For these reasons, the United States respectfully moves for limited reconsideration of the Court's order excluding in part the proposed testimony of ATF Intelligence Operations Specialist Jeremy Scheetz.

DATED: May 2, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

      /s/
KEVIN J. BARRY
LINA PENG
AJAY KRISHNAMURTHY
Assistant United States Attorneys

---

[1] The Court has already permitted Scheetz to testify that (1) members of the Hells Angels "know that violence is part of their organization," ECF No. 1403 at 20, n.8., (2) there exists a "long history of violence" between the Hells Angels and Mongols, ECF No. 1403 at 22 n.9, and (3) there exists a "historical feud" between the Hells Angels and the Outlaws, which resulted in a 2006 shooting by two members of the Hells Angels.