STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
AJAY K. KRISHNAMURTHY (CABN 305533)
LINA Y. PENG (NYBN 5150032)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6748
    Email: Kevin.Barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 17-00533 EMC |
| Plaintiff, | **GOVERNMENT'S MEMORANDUM OF LAW REGARDING FORFEITURE ALLEGATION** |
| v. | |
| JONATHAN JOSEPH NELSON, et al, | |
| Defendants. | |

MEMO RE: FORFEITURE
CR 17-00533 EMC

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT ......................................................................................................................1

    A. The Property Sought for Forfeiture..............................................................................1

    B. Forfeiture Is an Aspect of Sentencing..........................................................................1

    C. Applicable Substantive and Procedural Authority.......................................................2

        1. Substantive RICO Forfeiture Authority – 18 U.S.C. § 1963 ................................2

        2. Determination of Forfeitability of Property Sought for Forfeiture and Entry of A Preliminary Order of Forfeiture .....................................................3

        3. Procedural Rules for the Forfeiture Phase .............................................................6

        4. Proceedings Following the Entry of A Preliminary Order of Forfeiture ............10

        5. Consideration of Constitutional and Other Issues Should Follow Adjudication of Any Third Party Interests................................................................................14

**TABLE OF AUTHORITIES**

**CASES**  **PAGE**

*Alexander v. United States*,
    509 U.S. 544 (1993) .................................................................................................... 9

*United States v. Hernandez-Escarsega*,
    886 F.2d 1560 (9th Cir. 1989) ..................................................................................... 7

*Caplin & Drysdale v. United States*,
    491 U.S. 617 (1989) ..................................................................................................... 2

*Kaley v. United States*,
    134 S. Ct. 1090 (2014) .............................................................................................. 1-2

*Libretti v. United States*,
    516 U.S. 29 (1995) .................................................................................................. 1, 5

*United States v. Andrews*,
    530 F.3d 1232 (10th Cir. 2008) .............................................................................. 9, 10

*United States v. Arbolaez*,
    450 F.3d 1283 (11th Cir. 2006) ................................................................................... 6

*United States v. Bennett*,
    423 F.3d 271 (3d Cir. 2005) ...................................................................................... 10

*United States v. Blackman*,
    746 F.3d 137 (4th Cir. 2014) ....................................................................................... 8

*United States v. Capoccia*,
    503 F.3d 103 (2d Cir. 2007) ........................................................................................ 6

*United States v. Carrie*,
    206 F. App'x. 920 (11th Cir. 2006) ........................................................................... 14

*United States v. Christensen*,
    828 F.3d 763 (9th Cir. 2015) ....................................................................................... 7

*United States v. Cooper*,
    679 F. App'x. 738 (11th Cir. 2017) ........................................................................... 13

*United States v. Creighton*,
    52 F. App'x 31 (9th Cir. 2002) .................................................................................... 6

*United States v. DeFries*,
    129 F.3d 1293 (D.C. Cir. 1997) ................................................................................... 7

*United States v. Dejanu*,
    163 F. App'x. 493 (9th Cir. 2006) ............................................................................. 13

*United States v. Derman*,
   211 F.3d 175 (1st Cir. 2000) .................................................................................... 14

*United States v. Evanson*,
   2008 WL 3107332, *2 (D. Utah 2008) ...................................................................... 6

*United States v. Garcia-Guizar*,
   160 F.3d 511 (9th Cir. 1998) ...................................................................................... 7

*United States v. Gaskin*,
   2002 WL 459005, *9 (W.D.N.Y. Jan. 8, 2002), *aff'd*,
   364 F.3d 438 (2d Cir. 2004) .................................................................................. 5, 9

*United States v. Gilbert*,
   244 F.3d 888 (11th Cir. 2001) .................................................................................. 10

*United States v. Guerra*,
   216 F. App'x. 906 (11th Cir. 2007) .......................................................................... 14

*United States v. Kennedy*,
   201 F.3d 1324 (11th Cir. 2000) ................................................................................ 13

*United States v. Lazarenko*,
   476 F.3d 642 (9th Cir. 2007) ............................................................................ 2, 8, 9

*United States v. Lazarenko*,
   504 F. Supp. 2d 791 (N.D. Cal. 2007) ....................................................................... 4

*United States v. Lester*,
   85 F.3d 1409 (9th Cir. 1996) .................................................................................... 13

*United States v. Louthian*,
   756 F.3d 295 (4th Cir. 2014) ...................................................................................... 2

*United States v. Marquez*,
   685 F.3d 501 (5th Cir. 2012) ...................................................................................... 3

*United States v. McHan*,
   345 F.3d 262 (4th Cir. 2003) .................................................................................... 10

*United States v. Messino*,
   382 F.3d 704 (7th Cir. 2004) ...................................................................................... 2

*United States v. Monsanto*,
   491 U.S. 600 (1989) .................................................................................................... 7

*United States v. Najjar*,
   300 F.3d 466 (4th Cir. 2002) ...................................................................................... 7

*United States v. Nava*,
   404 F.3d 1119 (9th Cir. 2005) ........................................................................ 8, 9, 12

*United States v. Neal*,
   2003 WL 24307070, *2 (E.D. Va. Sept. 29, 2003) ............................................................. 5

*United States v. Newman*,
   659 F.3d 1235 (9th Cir. 2011) ......................................................................................... 7-8, 8

*United States v. Nicolo*,
   597 F. Supp. 2d 342 (W.D.N.Y. 2009) ............................................................................ 9-10

*United States v. Prejean*,
   2006 WL 2414256, *1 (E.D. La. Aug. 18, 2006) ............................................................... 5

*United States v. Sabhnani*,
   599 F.3d 215 (2d Cir. 2010) ................................................................................................ 6

*United States v. Schlesinger*,
   396 F.Supp.2d 267 (E.D.N.Y. 2005) ................................................................................... 9

*United States v. Shryock*,
   342 F.3d 948 (9th Cir. 2003) ............................................................................................... 7

*United States v. Teadt*,
   653 F. App'x. 421 (6th Cir. 2016) ..................................................................................... 12

*United States v. Vampire Nation*,
   451 F.3d 189 (3d Cir. 2006) ................................................................................................ 2

*United States v. Warshak*,
   631 F.3d 266 (6th Cir. 2010) ............................................................................................... 7

*United States v. Yeje-Cabrera*,
   430 F.3d 1 (1st Cir. 2005) ................................................................................................ 8-9

**FEDERAL STATUTES AND RULES**

18 U.S.C. § 1962 ..................................................................................................................... 2, 3

18 U.S.C. § 1963 .................................................................................................................. 2, 3, 9

18 U.S.C. § 1963 (a) - (c) ............................................................................................................ 2

18 U.S.C. § 1963(e) ............................................................................................................. 14, 15

18 U.S.C. § 1963(e) - (m) ........................................................................................................... 3

18 U.S.C. § 1963(l) ................................................................................................................ 8, 10

18 U.S.C. § 1963(l)(1) ............................................................................................................... 11

18 U.S.C. § 1963(l)(2) ............................................................................................................... 11

18 U.S.C. § 1963(l)(3) ............................................................................................................... 11

18 U.S.C. § 1963(l)(4) ............................................................................................................... 11

18 U.S.C. § 1963(l)(5) ............................................................................................................... 12

18 U.S.C. § 1963(l)(6) ............................................................................................................... 12

| | | |
|---|---|---|
| 1 | 18 U.S.C. § 1963(l)(7) | 13 |
| 2 | 21 U.S.C. § 853 | 7 |
| 3 | 21 U.S.C. § 853(n)(6) | 12 |
|   | 28 U.S.C. § 2072(b) | 3 |
| 4 | 28 U.S.C. § 2461(c) | 8 |
| 5 | Fed. R. Crim. P. 32.2 | 3, 8, 9 |
| 6 | Fed. R. Crim. P. 32.2(a) | 3 |
|   | Fed. R. Crim. P. 32.2(b)(1) | 4 |
| 7 | Fed. R. Crim. P. 32.2(b)(1)(A) | 4 |
| 8 | Fed. R. Crim. P. 32.2(b)(1)(B) | 6 |
| 9 | Fed. R. Crim. P. 32.2(b)(2)(A) | 7 |
|   | Fed. R. Crim. P. 32.2(b)(2)(B) | 10 |
| 10 | Fed. R. Crim. P. 32.2(b)(4)(A) | 10 |
| 11 | Fed. R. Crim. P. 32.2(b)(5) | 4-5 |
| 12 | Fed. R. Crim. P. 32.2(b)(6)(A) | 10 |
| 13 | Fed. R. Crim. P. 32.2(b)(6)(B) | 11 |
|   | Fed. R. Crim. P. 32.2(b)(6)(C) | 11 |
| 14 | Fed. R. Crim. P. 32.2(c) | 10 |
| 15 | Fed. R. Crim. P. 32.2(c)(1) | 11 |
| 16 | Fed. R. Crim. P. 32.2(c)(1)(A) | 11 |
|   | Fed. R. Crim. P. 32.2(c)(1)(B) | 12 |
| 17 | Fed. R. Crim. P. 32.2(c)(2) | 13 |
| 18 | Fed. R. Crim. P. 32.2(c)(4) | 13 |
| 19 | Supplemental Rules for Admiralty or Maritimes Claims and Asset Forfeiture Actions | |
| 20 |    Rule G(4)(a)(iii) | 11 |
|   |    Rule G(4)(a)(iv) | 11 |
| 21 |    Rule G(4)(a)(iv)(C) | 11 |

**MISCELLANEOUS**

Advisory Committee Notes to Federal Rules of Criminal Procedure 32.2
   (2000 Adoption) ................................................................................................ 8, 9, 12, 13

## I. INTRODUCTION

Plaintiff United States of America ("the United States" or "the government") offers this memorandum explaining the procedures applicable to criminal forfeiture proceedings in the event of defendants' conviction. The United States attaches proposed jury instructions and special verdict form to this memorandum as Attachments A and B, respectively.

## II. ARGUMENT

### A. Forfeiture Is an Aspect of Sentencing

Criminal forfeiture is imposed on a convicted defendant as part of sentencing. It is not an element of the underlying substantive offense. *See Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense.").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct. *See Kaley v. United States*, 134 S. Ct. 1090 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training); *Caplin & Drysdale v. United States*, 491 U.S. 617, 630 (1989) ("a major purpose motivating congressional adoption and continued refinement of the Racketeer Influenced and Corrupt Organizations (RICO) and Continuing Criminal Enterprise (CCE) forfeiture provisions has been the desire to lessen the economic power of organized crime and drug enterprises").

Criminal forfeiture is *in personam*, meaning that it may be imposed only after a criminal conviction. *See United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007); *United States v. Louthian,* 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools:" the former is an *in personam* action that requires a conviction, and the latter is an *in rem* action against the property itself)*;* and *United States v. Vampire Nation,* 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture). Finally, the extent of criminal forfeiture is determined by the conviction. The forfeiture must correspond in nature and scope to the underlying criminal conduct of which the defendant was convicted. *See United States v. Messino*, 382 F.3d 704, 714 (7th Cir. 2004).

MEMO RE: FORFEITURE
CR 17-00533 EMC                                                                1

### B. Applicable Substantive and Procedural Authority

#### 1. Substantive RICO Forfeiture Authority – 18 U.S.C. § 1963

The substantive forfeiture authority applicable here is found at 18 U.S.C. § 1963 (a) - (c), which describes the penalties for violation of the criminal RICO statute. Subsection (a) authorizes the criminal forfeiture of

> (1) any interest the person has acquired or maintained in violation of section 1962;
> (2) any –
>   (A) interest in;
>   (B) security of;
>   (C) claim against; or
>   (D) property or contractual right of any kind affording a source of influence over; any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and
> (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

Subsection (b) provides that property subject to forfeiture includes "tangible and intangible personal property, including rights, privileges, interests, claims and securities." Subsection (c) provides that

> All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (1) that he is a *bona fide* purchaser for value of such property who at the time of the purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

Procedurally, criminal forfeitures are governed by 18 U.S.C. § 1963(e) - (m), and Federal Rule of Criminal Procedure 32.2 ("Rule 32.2"), entitled "Criminal Forfeiture."[1]

#### 2. Determination of Forfeitability of Property Sought for Forfeiture and Entry of a Preliminary Order of Forfeiture

---

[1] While both set out procedural rules, Rule 32.2 is the primary source. *See United States v. Marquez*, 685 F.3d 501, 509 (5th Cir. 2012) (reciting the requirements in Rule 32.2 and holding that they are "not empty formalities" but are mandatory). While § 1963 also includes procedural provisions, they are essentially identical to those in Rule 32.2, provide additional powers or authority unique to RICO forfeitures (some of which are discussed below), or are inapplicable to this particular case. Moreover, while the government does not believe that any of the provisions of § 1963 are inconsistent with those of Rule 32.2, to the extent conflicts are found, Rule 32.2 governs. *See* 28 U.S.C. § 2072(b) ("All laws in conflict with [the Federal Rules of Criminal Procedure] shall be of no force or effect after such rules have taken effect.").

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. *See* Rule 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute."). The Superseding Indictment includes such notice in the form of the forfeiture allegation that begins on page 18. The government's forfeiture efforts are not necessarily limited to the specific property listed in the indictment. *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment; older cases holding that property had to be listed in the indictment are no longer good law).

Following conviction, forfeitability of the property sought for forfeiture is determined either by the Court or the jury, depending on the election of either party. Rule 32.2(b)(1) provides:

> (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
> (B) Evidence and Hearing. The Court's determination may be based upon evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable. If the forfeiture is contested, on either party's request the Court must conduct a hearing after the verdict or finding of guilty.

Notwithstanding the above language of Rule 32.2(b)(1)(A), which requires the Court to determine the forfeitability of any property sought for forfeiture, subsection (b)(5), entitled "Jury Determination," gives each of the parties the option of retaining the jury to make that determination:

> (A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the Court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.
> (B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the

government has established the requisite nexus between the property and the offense committed by the defendant.

The nexus inquiry is the same whether the Court or the jury is the finder of fact. *See United States v. Neal*, 2003 WL 24307070, *2 (E.D. Va. S ept. 29, 2003) (citing Advisory Committee Notes); *see also United States v. Prejean*, 2006 WL 2414256, *1 (E.D. La. Aug. 18, 2006) (same; following *Neal*).

### 3. Procedural Rules for the Forfeiture Phase

As indicated above, Rule 32.2(a) requires that the determination of what property is subject to forfeiture under the applicable statute be determined "as soon as practicable after a finding of guilty." Whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Rule 32.2 ((b)(1)(B); *United States v. Sabhnani*, 599 F.3d 215, 262-63 (2d Cir. 2010); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase). Nor is it necessary that the evidence presented in the forfeiture phase satisfy the Rules of Evidence, and may include hearsay, as the forfeiture determination is part of the sentencing process. *See Capoccia*, 503 F.3d at 109; *United States v. Evanson*, 2008 WL 3107332, at *2 (D. Utah 2008); *United States v. Creighton*, 52 F. App'x 31, 35-36 (9th Cir. 2002).

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence. *See United States v. Christensen,* 828 F.3d 763 (9th Cir. 2015) (RICO)*; United States v. Shryock*, 342 F.3d 948, 991 (9th Cir. 2003) (following *United States v. Najjar*, 300 F.3d 466, 485-86 (4th Cir. 2002) (RICO)); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); *United States v. DeFries*, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (RICO); and *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

The defendant is not permitted to relitigate the legality of his conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase. *United States v. Warshak*, 631 F.3d

266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense).

The *only* question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government. If the jury finds that there is such a nexus, prompt entry of a Preliminary Order of Forfeiture ("POF") is mandatory. *See* Rule 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) (following *Monsanto*: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); *id.* ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture"); *Lazarenko*, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property"); *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ( interpreting similar language in 28 U.S.C. § 2461(c): "The word 'shall' does not convey discretion . . The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing. . . . Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error." Rule 32.2 uses the word "must.").

As the Ninth Circuit held in *Lazarenko*, the forfeiture determination that precedes the entry of a POF does *not* include a determination of who is the owner of the property subject to forfeiture. That determination is deferred to ancillary proceedings that follow the entry of the POF, in which the purported interests of third parties are determined. *See* Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption):

> Under [the statutory forfeiture scheme first enacted in 1984, including 18 U.S.C. § 1963(l)], the court orders the forfeiture of the defendant's interest in the property - *whatever that interest may be* -- in the criminal case. At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity

>to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property.

(Emphasis added). *See also United States v. Nava,* 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; jury's return of special verdict of forfeiture silent on the issue of ownership of the property); and *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation).

Ownership is not an issue to be determined before entry of the POF because forfeiture of the defendant's interest in property found to have a nexus to the underlying violation for which he has been convicted is mandatory. *Alexander v. United States*, 509 U.S. 544, 562 (1993) ("a RICO conviction subjects the violator not only to traditional, thought stringent, criminal fines and prison terms, but also mandatory forfeiture under § 1963"); *Nava*, 404 F.3d at 1124. The court need not define the defendant's interest before entering the POF because it is impossible as a matter of law for the defendant to retain any interest in property as to which the requisite nexus has been shown. "Thus, the ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property." Rule 32.2, Advisory Committee Notes, 2000 Adoption. Rule 32.2 establishes the "more sensible procedure [whereby] the court, once it (or a jury) determines that property was involved in the criminal offense for which the defendant has been convicted, [orders] the forfeiture of whatever interest a defendant *may have* in the property *without having to determine exactly what that interest is*." *Id.* (emphasis added).[2]

For the same reasons, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. *United States v. Schlesinger*, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005); *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership

---

[2] The deferral of the ownership determination serves both the letter and spirit of the forfeiture scheme. *See United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership; that issue is deferred to the ancillary proceeding); *Lazerenko*, 476 F.3d at 648; *Gaskin*, 2002 WL 459005, at *9 n.4 (ownership is a question for the court alone to determine in the ancillary proceeding), *aff'd,* 364 F.3d 438 (2d Cir. 2004).

MEMO RE: FORFEITURE
CR 17-00533 EMC                           6

of property sought to be forfeited;" if the Government establishes the required nexus to the offense, the property must be forfeited; if the property belonged to a third party, she will have an opportunity in the ancillary proceeding to make that claim).

### 4. Proceedings Following the Entry of A Preliminary Order of Forfeiture

The POF becomes final as to the defendant at the time of sentencing, and it must be entered at or before the time of sentencing (Rule 32.2(b)(2)(B)), but the forfeiture is not truly final until the existence and validity of any potential third party rights have been determined.  Rule 32.2(b)(4)(A) ("If the [POF] directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).") ; *United States v. Bennett*, 423 F.3d 271, 275 (3d Cir. 2005) (the POF becomes final as to the defendant at sentencing but it remains preliminary as to third parties until the court issues a final order pursuant to Rule 32.2(c)(2)).

Following entry of the POF, the second phase of the forfeiture proceedings begins, to determine the existence and effect, if any, of alleged third party rights in the property described in the POF.  Fed. R. Crim. P. 32.2(c); 18 U.S.C. § 1963(l); *Andrews*, 530 F.3d at 1236 (the purpose of the ancillary proceeding is determine if any third party has an interest in the forfeited property and to amend the order of forfeiture accordingly); *United States v. McHan*, 345 F.3d 262, 275 (4th Cir. 2003) (ancillary proceeding tests a third party's claim of an ownership interest; it is not a civil forfeiture proceeding in which the government is seeking to forfeit a third party's interest in property); *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) (ancillary proceeding creates an orderly procedure whereby third parties who claim their property interests have been forfeited in a criminal case can "challenge the validity of the forfeiture order and establish their legitimate ownership interests"; discussing legislative history).

Pursuant to Rule 32.2(b)(6)(A), following the entry of a POF ordering the forfeiture of specific property, "the government must publish notice of the [POF] and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding."[3]  "The notice must describe the forfeited property, state the times under the applicable

---

[3] Publication notice is to be given as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be accomplished by any means described in Supplemental Rule G(4)(a)(iv).  Rule 32.2(b)(6)(C).  Here, the government will publish notice on "an official internet government forfeiture site for at least 30 consecutive days" in accordance with Rule G(4)(a)(iv)(C).  An essentially identical notice requirement is found at § 1963(l)(1).

MEMO RE: FORFEITURE
CR 17-00533 EMC                                             7

statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition." Rule 32.2(b)(6)(B). [4]

A petition must be signed under penalty of perjury and set forth the nature and extent of the petitioner's purported right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 18 U.S.C. § 1963(l)(3).

If any third party files a timely ancillary petition asserting an interest in the property to be forfeited, "the court must conduct an ancillary proceeding." Rule 32.2(c)(1). That hearing "shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection." § 1963(l)(4). However, Rule 32.2(c)(1)(A) provides that a petition may be dismissed for lack of standing, failure to state a claim, or "any other lawful reason," and Rule 32.2(c)(1)(B) provides that prior to a hearing on a petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure. The exercise of any of these options will likely delay a hearing beyond the 30-day window provided in the Rule.

> At the petition hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the [POF].

18 U.S.C. § 1963(l)(5).

The petitioner bears the burden of proof in the ancillary proceeding to prove by a preponderance of the evidence either that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the [POF] invalid in whole or part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any

---

[4] Section 1963(l)(2) provides that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury."

>       right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>   (B) The petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

18 U.S.C. § 1963(l)(6); *Nava*, 404 F.3d at 1125 (in ancillary proceeding, "the petitioner bears the burden of proving his right, title, or interest") (interpreting similar provision in 21 U.S.C. § 853(n)(6)); *United States v. Teadt*, 653 F. App'x. 421 (6th Cir. 2016) (in an ancillary proceeding, the burden shifts to the petitioner to establish the petitioner's third party claim by a preponderance of the evidence).  Petitioners may not argue that the entry of the POF was improper or not adequately supported by the evidence at trial.  *See* Advisory Committee Note to Rule 32.2 ("[The ancillary proceeding] does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); *United States v. Dejanu*, 163 F. App'x. 493, 498 (9th Cir. 2006) ("Whether the criminal forfeiture of the property was proper is not an issue subject to litigation by third parties in the ancillary proceeding"); *United States v. Cooper*, 679 F. App'x. 738 (11th Cir. 2017) (third party cannot relitigate the merits of the forfeitability determination).

Whether a third party petitioner has a valid right, title or interest in the property described in the POF is determined according to state law.  Federal law determines whether any such interest is subject to forfeiture.  *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996) (court looks to state law to see what interest the claimant has in the property and looks to the federal statute to see if that interest is subject to forfeiture); *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000).

> When all third party petitions have been adjudicated, the court must enter a final order of forfeiture by amending the preliminary order of forfeiture as necessary to account for any third-party rights.  If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute.  The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or a third party; nor may a third party object to the final order on the ground that the third party has an interest in the property.

Rule 32.2(c)(2).[5]  The ancillary proceeding is not part of the defendant's sentencing, meaning that the Rules of Evidence *do* apply.  *See* Rule 32.2(c)(4) and Committee Note to 2000 Adoption of Rule.

---

[5] Section 1963(l)(7) provides that "following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the

Finally, Section 1963(e) provides:

> Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following the entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited.

DATED: June 13, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

  /s/ *Kevin J. Barry*  
KEVIN J. BARRY
Assistant United States Attorney

---

United States shall have clear title to property that is the subject of the [POF] and may warrant good title to any subsequent purchaser or transferee."