JOHN G. WALSH, ESQ. (MA Bar No. 555649)
63 Atlantic Avenue, 3rd Flr.
Boston, MA  02110
johngwalshlaw@gmail.com
Telephone No.: (617) 851-2429

Counsel for Defendant
CHRISTOPHER RANIERI
Appearing *Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER RANIERI *et al.*,<br><br>Defendants. | Case No. 3:17-cr-00533-7 EMC<br><br>**CHRISTOPHER RANIERI'S MOTION TO EXCLUDE ANTICPATED IMPERMISSIBLE TESTIMONY BY JEREMY SCHEETZ AND DEMAND FOR DISCLOSURE AS TO THE BASES OF HIS OPINIONS RELATING TO MR. RANIERI** |

**I. INTRODUCTION**

For the reasons discussed below, Cristopher Ranieri hereby moves that the Court exclude anticipated testimony by Jeremy Scheetz that Mr. Ranieri "awarded" "Soldier", "Filthy Few" and "Boston" tags or patches.  Mr. Ranieri also requests that the Court order that before Mr. Scheetz testifies before the jury that he be required to state the bases for and produce all materials and information he relies upon in formulating his opinions relating to Mr. Ranieri's alleged "awarding" of those tags and patches.

**CHRISTOPHER RANIERI'S MOTION TO EXCLUDE ANTICPATED IMPERMISSIBLE TESTIMONY BY JEREMY SCHEETZ AND DEMAND FOR DISCLOSURE  AS TO HIS OPINIONS RELATING TO MR. RANIERI**

1

## II. ARGUMENT

### A. Mr. Scheetz's Anticipated Testimony Does Not Convey an Independent Judgment And is Instead a Backdoor Conduit For Otherwise Inadmissible Evidence

In *United States v. Vera*, the Ninth Circuit noted the tension between the Confrontation Clause and various Federal Rules of Evidence and explained:

> Under [Rule 703], there is generally no *Crawford* problem when an expert "appli[es] his training and experience to the sources before him and reach[es] an independent judgment." [*United States v. Gomez,* 725 F.3d 1121, 1129 (9th Cir. 2013)] (quoting *United States v. Johnson,* 587 F.3d 625, 635 (4th Cir. 2009)). *But an expert exceeds the bounds of permissible expert testimony and violates a defendant's Confrontation Clause rights when he "is used as little more than a conduit or transmitter for testimonial hearsay*, rather than as a true expert whose considered opinion sheds light on some specialized factual situation." *Id.* (quoting *Johnson,* 587 F.3d at 635). Accordingly, the key question for determining whether an expert has complied with *Crawford* is the same as for evaluating expert opinion generally: whether the expert has developed his opinion by "applying his extensive experience and a reliable methodology." *United States v. Dukagjini,* 326 F.3d 45, 54 (2d Cir. 2003).

*United States v. Vera,* 770 F.3d 1232, 1237-38 (9th Cir. 2014) (emphasis added). See also, *United States v. Garcia*, 793 F.3d 1194, 1213-15 (10th Cir. 2015) ("If an expert *simply parrots another individual's out-of-court statement*, rather than conveying an independent judgment that only incidentally discloses the statement to assist the jury in evaluating the expert's opinion, then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement.", 793 F.3d at 1213) (quoting *United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012)) (emphasis added).

Here, Mr. Scheetz's anticipated testimony involves him simply acting as "a conduit or transmitter for testimonial hearsay," *Vera*, 770 F.3d at 1237, by "directly repeating what someone else told him," *id.* at 1239, or otherwise "parrot[ing]" a testimonial out-of-court statement, *Garcia*, 793 F.3d at 1213.  His anticipated testimony is not "reach[ed by his exercising] an independent judgment," *Vera*, 770 F.3d at 1237, *e.g.*, by his performing a "synthesis of various source materials," or in a manner that "only incidentally discloses the [inadmissible] statement to assist the jury in

CHRISTOPHER RANIERI'S MOTION TO EXCLUDE ANTICPATED IMPERMISSIBLE TESTIMONY BY
JEREMY SCHEETZ AND DEMAND FOR DISCLOSURE  AS TO HIS OPINIONS RELATING TO MR. RANIERI

2

evaluating the expert's opinion," *Garcia*, 793 F.3d at 1213. Hence, he runs afoul of Mr. Ranieri's confrontation right. See also, *United States v. Cerna*, 2010 WL 2347406 at *5-6 (experts may not "simply disgorge" opinions on "the facts needed to satisfy the elements of the charged offense" in place of testimony from percipient witnesses).

**B. Request That Mr. Scheetz be Required to Testify as to The Bases of His Opinions For And Produce All Materials And Information He Relies Upon in Offering His Opinions Pertinent Hereto**

Mr. Ranieri also requests that the Court order that before Mr. Scheetz testifies before the jury that he be required to state the bases for and produce all materials and information he relies upon in formulating his opinions relating to Mr. Ranieri's alleged "awarding" of those tags and patches.

March 30, 2023

Respectfully submitted,

By: /s/ John G. Walsh
John G. Walsh
Attorney for Defendant,
CHRISTOPHER RANIERI

**CHRISTOPHER RANIERI'S MOTION TO EXCLUDE ANTICPATED IMPERMISSIBLE TESTIMONY BY JEREMY SCHEETZ AND DEMAND FOR DISCLOSURE AS TO HIS OPINIONS RELATING TO MR. RANIERI**

3