JOHN G. WALSH, ESQ. (MA Bar No. 555649)
63 Atlantic Avenue, 3rd Flr.
Boston, MA 02110
johngwalshlaw@gmail.com
Telephone No.: (617) 851-2429

Counsel for Defendant
CHRISTOPHER RANIERI
Appearing *Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER RANIERI *et al.*,<br><br>Defendants. | Case No. 3:17-cr-00533-7 EMC<br><br>**CHRISTOPHER RANIERI'S REQUEST FOR A REBUTTAL CLOSING ARGUMENT** |

Christopher Ranieri hereby requests that he be permitted a rebuttal closing argument in response to the Government's rebuttal closing argument.

**ARGUMENT**

Mr. Ranieri's request for a rebuttal closing is based on his constitutionally mandated right to due process.

The standard for determining what process is due as a matter of constitutional due process is described in *Matthews v. Eldridge,* 424 U.S. 319 (1976). There, the Supreme Court stated:

> More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors. First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Matthews,* at 335.

Here, Mr. Ranieri's private interest involved is of the highest order protected by the Constitution: his liberty. He suggests that the administrative burden to the Court and the United States is minimal at best: permit him a sur-rebuttal closing to the Government's closing-rebuttal.

As for *Matthews's* second prong - "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" – Mr. Ranieri suggests that it is axiomatic that closing arguments can change jurors' opinions. The Government, with its last position in closings, thus has the opportunity to affect the final narrative the jurors will rely upon to reach their final decision. Hence, this chance, to which Mr. Ranieri cannot respond, has the capacity of altering juror opinions between a verdict of guilty and not guilty. Permitting his, a citizen's, fate to possibly be determined by the lack of a closing-rebuttal is not a risk our system should willingly take, particularly not with its constitutional commitment to the presumption of innocence and protection of the innocent. Giving the Government a closing rebuttal certainly affords an advantage to it. On the other hand, denying Mr. Ranieri the opportunity of a closing rebuttal thereto denies him not only of his due process rights under the Constitution but perhaps his liberty as well.

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Christopher Ranieri hereby requests that he be permitted a rebuttal closing argument in response to the Government's rebuttal closing argument.

May 11, 2023                                                Respectfully submitted,

                                                By: /s/ John G. Walsh
                                                John G. Walsh
                                                Attorney for Defendant,
                                                CHRISTOPHER RANIERI