ALBERT J. BORO, JR. (CA Bar #126657)
ajboro@boro-law.com
BORO LAW FIRM
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 276-5870

ALANNA D. COOPERSMITH (CA Bar #248447)
alanna@eastbaydefense.com
Attorney at Law
717 Washington Street
Oakland, CA 94607
Telephone: (510) 628-0596
Facsimile: (866) 365-9759

Attorneys for Defendant
RAYMOND FOAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND MICHAEL FOAKES,<br><br>    Defendant. | No. 17-CR-00533-EMC<br><br>MOTION FOR MISTRIAL BASED ON GOVERNMENT'S REBUTTAL CLOSING ARGUMENT<br><br>Court: Hon. Edward M. Chen |

TO:  ISMAIL RAMSEY, UNITED STATES ATTORNEY, AND KEVIN J. BARRY AND LINA Y. PENG, ASSISTANT UNITED STATES ATTORNEYS:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in the courtroom of the Honorable Edward M. Chen, United States District Court Judge, defendant Raymond Foakes, through his counsel, will move and hereby does move for a mistrial based on the Government's improper argument in its rebuttal closing argument that the alleged "toy run fraud" was racketeering activity that supports a conviction under Count One (RICO conspiracy).  This motion is based on Mr. Foakes's

constitutional rights to stand trial only on charges returned by the Grand Jury and to due process of law and the right to a fair trial guaranteed by the Fifth and Sixth Amendments to the United States Constitution, Sections 1961 and 1962 of Title 18 of the United States Code and such other laws and rules that may be applicable to this matter, the attached memorandum of points and authorities, the files and records in this action, and any additional evidence and argument as may be submitted at or before the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

During the Government's rebuttal closing argument on May 12, 2023, the prosecution argued for the first time in the trial that the annual charitable toy run held during the Christmas season by the Hells Angels Sonoma County charter ("HASC") constituted racketeering activity that supported a conviction of Mr. Foakes under Count One (RICO conspiracy). This argument constitutes prosecutorial misconduct. In its rebuttal closing argument, the Government divided up the alleged racketeering activity into acts that occurred while Mr. Foakes was in prison and while he was out of BOP custody. The Government's argument was intended to counter Mr. Foakes's defense that he was not part of the alleged RICO conspiracy because he was in custody during most of the alleged conspiracy period. The prosecutor stated:

> "**MR. BARRY**: And as I indicated, and as the evidence said, that one of the reasons that Michelle Conte was threatened is because the Form 12 generated an arrest for Mr. Foakes. So, yes, he was in custody, and there should be no dispute about that.
>
> "Then there is some racketeering activity that transcends the eras that we can't pin a certain time on it based on the evidence, and that would be the toy run fraud.
>
> "So Mr. Conte testified that, over time, toy drive fundraising money was diverted to the club. Again, the toys still went to the kids, but additional funds that were raised weren't used to buy more toys; they went to the Sonoma County Hells Angels.
>
> "And again –
>
> "**MR. BORO**: Objection, Your Honor. Variance.
>
> "**THE COURT**: All right. Again, the -- counsel's statements are not facts. Your memory of the facts controls.

> "**MR. BARRY**: And, Your Honor, Mr. Boro knows that no racketeering acts needs to be alleged, so that cannot possibly be a variance based on that.
>
> "**THE COURT**: Well, let's go on.
>
> "**MR. BARRY**: Another racketeering -- category of racketeering activity that doesn't have a specified time limit is extortion. Because of the nature of the Sonoma County Hells Angels' extortion, for lack of a better word, is forever."

Trial 2 Tr. at 7005.

The Government's request to the jury to convict Mr. Foakes for RICO conspiracy based on alleged racketeering activity of the "toy run fraud" was an impermissible variance from the Superseding Indictment (Dkt. #374). The Grand Jury did not allege fraud in "The Means and Methods of the Enterprise" allegations and did not include fraud in the "pattern of racketeering activity" of HASC in the Superseding Indictment. *Id*. at ¶¶ 13-17 & 20-21. In fact, the word "fraud" is only used in the Superseding Indictment in the overt act concerning alleged "bank fraud and money laundering in connection with a mortgage fraud scheme." *Id*. at ¶ 22(a). And that overt act was excluded by the Court from the trial as a remedy for the Government's breach of Mr. Foakes's 2011 plea agreement. *See* Order Granting in Part Defendant Foakes's Motion to Dismiss Count One, filed Jan. 25, 2023 (Dkt. #3128). The Government's urging the jury to convict based on the "toy run fraud" was a material variance of the racketeering conspiracy charged in the Superseding Indictment in violation of Mr. Foakes's Fifth Amendment right to only stand trial on charges returned by the Grand Jury. U.S. Const. amend. V.

Moreover, this rebuttal argument is prosecutorial misconduct that materially misstates the law and violates Mr. Foakes's constitutional rights to due process and a fair trial. U.S. Const. amend. V & VI. It is contrary to the law and the jury instructions. Generalized "fraud" does not come withing the definition of "racketeering activity" in Section 1961. 18 U.S.C. § 1961(1). The Government introduced no evidence at trial and made no argument in closing that the so-called "toy run fraud" constituted mail fraud or wire fraud under Sections 1343 and 1344 of Title 18. *See* 18 U.S.C. § 1961(1)(B). Thus, the alleged "toy run fraud" does not fall within the statutory definition of racketeering activity. It also does not qualify as racketeering activity under the Court's final jury instructions, which did not include any species of fraud as racketeering activity at issue in the case.

*See* Order re Third Amended Closing Final Jury Instructions No. 50, filed May 10, 2023 (Dkt. #3444). The Government's argument has improperly invited the jury to convict Mr. Foakes for RICO conspiracy based on conduct that does not constitute racketeering activity as a matter of law.

## CONCLUSION

For the foregoing reasons, Mr. Foakes respectfully requests that the Court grant his motion for a mistrial due to prosecutorial misconduct in the Government's rebuttal closing argument.

Dated: May 16, 2023                     Respectfully Submitted:

BORO LAW FIRM

*/s/ Albert J. Boro, Jr.*
ALBERT J. BORO, JR.

ALANNA D. COOPERSMITH
ATTORNEY AT LAW

Attorneys for Defendant
RAYMOND FOAKES