ALBERT J. BORO, JR. (CA Bar #126657)
ajboro@boro-law.com
BORO LAW FIRM
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 276-5870

ALANNA D. COOPERSMITH (CA Bar #248447)
alanna@eastbaydefense.com
Attorney at Law
717 Washington Street
Oakland, CA 94607
Telephone: (510) 628-0596
Facsimile: (866) 365-9759

Attorneys for Defendant
RAYMOND FOAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND MICHAEL FOAKES,<br><br>　　　　Defendant. | No. 17-CR-00533-EMC-2<br><br>DEFENDANT RAYMOND FOAKES'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE RE GOVERNMENT WITNESS AND SUPPLEMENTAL MEMORANDUM SUPPORTING RULE 33 MOTIONS<br><br>Date: March 21, 2024<br>Time: 9:30 a.m.<br>Court: Hon. Edward M. Chen |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................... i

NOTICE OF MOTION ............................................................................................. 1

I.    INTRODUCTION ........................................................................................ 1

II.    STATEMENT OF FACTS........................................................................... 1

III.    JOINDER IN CO-DEFENDANTS' MOTIONS BASED ON NEWLY DISCOVERED EVIDENCE ON GOVERNMENT WITNESS HARDISTY.................................................................................. 2

III.    ARGUMENT ............................................................................................... 3

    A.  The Legal Standard Governing a Motion for New Trial Under Rule 33 ............................................................................... 3

    B.  The Newly Discovered Evidence Revealed a *Brady* Violation that Requires Granting Mr. Foakes a New Trial ...................................... 4

IV.    CONCLUSION ............................................................................................ 7

# NOTICE OF MOTION

**TO: ISMAIL J. RAMSEY, UNITED STATES ATTORNEY, AND KEVIN J. BARRY AND LINA Y. PENG, ASSISTANT UNITED STATES ATTORNEYS:**

**PLEASE TAKE NOTICE** that at the time and place specified above, in the courtroom of the Honorable Edward M. Chen, United States District Court Judge, defendant Raymond Foakes, by and through his court-appointed counsel, will and hereby does move this Court for a new trial, pursuant to Fed. R. Crim. P. 33.

Mr. Foakes makes this Motion pursuant to Fed. R. Crim. P. 33(a) & (b)(1) based on newly discovered evidence concerning a central Government witness at trial that was disclosed following the May 17, 2023 jury verdict in Mr. Foakes's trial (Dkt. #3493). This brief is also a supplemental memorandum in support of his Motion under Fed. R. Crim. P. 33(a) & (b)(2), filed on September 28, 2023, seeking a new trial (Dkt. #3581). This Motion & Supplemental Memorandum is based on the Fifth and Sixth Amendments to the United States Constitution, the laws of the United States, including Fed. R. Crim. P. 33, the files and records in this action, the attached memorandum of points and authorities, and any argument and evidence counsel may submit prior to a decision in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Raymond Foakes moves this Court for a new trial under Federal Rule of Criminal Procedure 33 based on newly discovered evidence and files this supplemental memorandum in support of his previously filed motion for a new trial under Rule 33 (Dkt. #3581).

## II. STATEMENT OF FACTS

The Government charged Mr. Foakes along with ten others in a wide-sweeping indictment alleging, *inter alia*, that they conducted the affairs of the enterprise – the Hells Angels Sonoma County charter ("HASC") – through a pattern of racketeering activity, beginning at least by 2007 and continuing until 2017. *See* Superseding Indictment, filed Sept. 11, 2018 (Dkt. #374). The Superseding Indictment alleges that Mr. Foakes is a member and former president of HASC. *Id.* at 18. In March 2023, the Government brought Mr. Foakes to trial on RICO conspiracy (Count One), conspiracy to

commit murder of members of rival motorcycle gangs, called the "rivals murder conspiracy" (Special Sentencing Factor Number 1 to Count One), VICAR assault with a deadly weapon (Count Six), and witness intimidation (Count Eight).[1]  On May 17, 2023, the jury returned its verdict, finding that the Government had not proven the Special Sentencing Factor against Mr. Foakes, but convicting Mr. Foakes on Counts One, Six, and Eight.  Dkt. #3493.  Mr. Foakes filed a motion for a new trial, pursuant to Fed. R. Crim. P. 33.  Dkt. #3581.

More than three months after the jury's verdict, the Government disclosed to counsel for Mr. Foakes and his co-defendants text messages between its central witness Joseph Hardisty and his Government handler Special Agent Kassandra Lane that raised substantial questions concerning the truthfulness and reliability of Mr. Hardisty's testimony.[2]  The Court held an under seal hearing on November 1, 2023, limited to counsel for the Government and defendants. *See* Dkt. #3621 (setting under seal hearing).  On November 22, 2023, the Government filed under seal a status report documenting additional communications between Mr. Hardisty and Agent Lane.  On November 27, 2023, the Court held an evidentiary hearing on the public record concerning the newly disclosed evidence, at which Agent Lane and Mr. Hardisty testified.  *See* Dkt. #3641 (Transcript of Nov. 27, 2021 evidentiary hearing).  On December 9, 2023, Mr. Foakes filed on behalf of himself and Mr. Ranieri a memorandum concerning the Government's failure to disclose benefits provided to Mr. Hardisty in violation of *Brady*.  Dkt. #3657.  This Court set a deadline of February 15, 2024 for Messrs. Foakes and Ranieri to file supplemental new trial motions concerning new evidence related to Mr. Hardisty.  Dkt. #3686.

### III. JOINDER IN CO-DEFENDANTS' MOTIONS BASED ON NEWLY DISCOVERED EVIDENCE ON GOVERNMENT WITNESS HARDISTY.

Mr. Foakes joins in the arguments made by the Trial Group One Defendants, filed under seal on December 22, 2023, in support of a new trial based on the newly disclosed evidence concerning

---

[1] Mr. Foakes was tried with his co-defendants Christopher Ranieri and Brian Burke.  This trial is called "Trial 2."  In April 2022, the Court held Trial 1 for three co-defendants, Jonathan Nelson, Brian Wendt, and Russell Ott (the "Trial Group One Defendants").

[2] Ltr. from AUSAs K. Barry & L. Peng, dated Sept. 12, 2023, attaching text messages with Bates Nos. HA-00150100 to HA-00150107; Ltr. from AUSAs K. Barry & L. Peng, dated Sept. 13, 2023, attaching text messages with Bates Nos. HA-00150108 to HA-00150109; Ltr. from AUSAs K. Barry & L. Peng, dated Sept. 29, 2023, attaching text messages with Bates Nos. HA-00150110 to HA-00150128.

Mr. Hardisty and for their request for the Government to disclose additional evidence on or to hold an evidentiary hearing on Mr. Hardisty's dependence on the psychotropic drug Xanax, which was disclosed at the November 27, 2023 evidentiary hearing.  *See* Nov. 27, 2023 R.T. at 28-29 (Dkt. #3641).

Mr. Foakes also joins in the arguments for a new trial made by Mr. Ranieri in his Motion for a New Trial Pursuant to F.R.C.P. 33 Based on New Evidence and Memorandum of Points and Authorities in Support Thereof, filed under seal on February 15, 2024.  Namely, Mr. Hardisty's admission in a text message sent to Agent Lane after Trial 2 that Mr. Ranieri was not involved in the murder of Joel Silva and that the Government had forced him to say he was, *see* Nov. 27, 2023 R.T. at 21 (Dkt. #3641), shows that the Government introduced materially false testimony at Trial 2 and requires that a new trial be granted for Messrs. Foakes and Ranieri.

**IV.    ARGUMENT**

   **A.    The Legal Standard Governing a Motion for New Trial Under Rule 33.**

Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The Court need not view the evidence in the light most favorable to the verdict, but it may weigh the evidence and evaluate for itself the credibility of the witnesses:

> " 'The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.  If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.' "

*Alston,* 974 F.2d at 1211-12 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980) (citation omitted)).  The decision to grant a new trial is committed to the sound discretion of the trial court.  *Id*. at 1212.

Where the grounds for a new trial is based on newly discovered evidence, the Ninth Circuit uses a five-part test to determine the motion:

> "To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: '(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the

defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.' "

*United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (quoting *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991)).

## B. **The Newly Discovered Evidence Revealed a *Brady* Violation that Requires Granting Mr. Foakes a New Trial.**

The testimony by Mr. Hardisty at the November 27, 2023 evidentiary hearing established that the Government offered Mr. Hardisty the option of participating in a witness protection program, but the Government never disclosed that to defendants until more than three months after Trial 2 had concluded. The Government sent four letters to Trial 2 counsel on March 9, 2022, March 9, 2023, March 23, 2023, and April 6, 2023, discussing benefits given to and requested by Mr. Hardisty.[3] In none of those letters sent before or during Trial 2 was there any mention of the benefit of having the option to participate in the witness protection program.

The November 27, 2023 evidentiary hearing made clear that the Government promised Mr. Hardisty the option of participating in the witness protection program as partial inducement for his testimony in this case. Mr. Hardisty testified that he "understood from the beginning" that the witness protection program was "something that was always on the table." Nov. 27, 2023 R.T. at 36, 103 (Dkt. #3641). His text message sent to Agent Lane on May 18, 2023, the day after the conclusion of Trial 2, demonstrated a promise was made that he had been relying upon:

> "I'm getting a feeling I'm losing my witness protection promise, which I was promised in front of my lawyer, if I choose. I really hope that's not the case, because it would be very sad"

*Id.*, R.T. at 39. He confirmed that a promise of participation in the witness protection program had been made to him in a meeting with his attorney:

> "Q. And your understanding of the promise -- and just so we're clear, your understanding of that conversation was a promise was made to you in front of your attorney that if you chose witness protection, then it would be available; is that your understanding of the promise that was made?

---

[3] Mr. Foakes will file copies of these letters under seal with the Court because the Government designated them "Attorneys Eyes Only" under the protective orders in the case.

"A. Yes."

*Id.*, R.T. at 132.

It is of no moment that the Government did not start the formal process to qualify Mr. Hardisty for the witness protection program or did not discuss the details of that process with Mr. Hardisty and his attorney. *Id.*, R.T. at 132. Mr. Hardisty perceived the promise to be concrete enough that it would be promptly bestowed upon his request after testifying:

> "Q. When you were considering the witness protection program, was it your understanding that, if you chose it because you had concerns over your safety, that this is something the Government would promptly put you in?
>
> "A. Yes. I mean, I would assume that after a big trial like this, if I was concerned for my safety and they were that, they would."

*Id.*, R.T. at 123. The promise was material to him because he kept that option in his back pocket from the beginning of his agreement to testify until after Trial 2. *See id.,* R.T. 36, 39, 103 & 11-27-23 Hrg. Def. Ex. 3.

This promise of the option of participating in the witness protection program, if he wanted it, is materially different from the other benefits disclosed to the defense and brought to the jury's attention. Mr. Hardisty claimed he cooperated with the Government and testified at trial because of Karma, remorse, and to "do the right thing." Trial 2 R.T. at 3866, 3876, 3949. He claimed the only benefit he got was $25,900 for relocation expenses and had to pay his attorney $20,000. *Id.*, R.T. at 3949. Thus, he suggested to the jury he got little, if anything, for his cooperation and testimony. But his behavior the day after the verdict on May 18, 2023 shows that there was very important benefit to him – the ability to be a protected Government witness and disappear after the trial – that he and Government deliberately withheld from the defense and the jury. Nov. 27, 2023 R.T. at 39 (Mr. Hardisty's text message to Agent Lane on May 18, 2023).

It does not matter that the Government did not put this promise in writing and did not obtain the approval of other agencies involved in the witness protection program. It is a violation of the Due Process Clause, as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150, 154-55 (1972), to withhold from defense evidence of a material benefit to a Government witness for his testimony. The Fourth Circuit held in *Boone v. Paderick*, 541 F.2d 447, 449, 451 (4th Cir. 1976), that it was a violation of *Giglio* to fail to disclose an unwritten promise of leniency made

by a detective, who did not have the authority to bind the government. The Court found that the "tentativeness [of an agreement of favorable treatment] may increase its relevancy" because "without assurance of it" the witness may view the promise "as contingent upon the quality of the evidence produced." *Id*. at 451 (stating that "the more uncertain the agreement, the greater the incentive to make the testimony pleasing to the promisor").

This newly discovered evidence requires a new trial under *Harrington*. First, the evidence of this material benefit was newly discovered because it only came to light after Trial 2 was completed. Second, there was no lack of diligence on Mr. Foakes's part in failing to discover this evidence sooner because it was in the control of the Government and its central witness Mr. Hardisty. Mr. Hardisty stated the promise was made to him and his attorney at a meeting with the Government, Nov. 27, 2023 R.T. at 132, and Mr. Foakes was not invited to that meeting. Its existence was not disclosed until the November 27, 2023 evidentiary hearing, months after the trial was over. Third, the evidence was material to the issues at trial because Mr. Hardisty was a central witness for the Government. Fourth, the evidence is not cumulative because the Government allowed Mr. Hardisty to create the false impression that he netted out no benefits (the relocation expenses were offset by his attorney's fees) and he testified to "do the right thing." Trial 2 R.T. at 3866, 3876, 3949. This benefits evidence was nore than "merely impeaching," because it went to his motivation for testifying and how the Government portrayed its key witness. *See Giglio*, 405 U.S. at 154-55; *Boone*, 541 F.2d at 453. And fifth, the evidence would probably result in acquittal because the Government relied on Mr. Hardisty to paint the Hells Angels and Mr. Foakes as violent and to prove the existence of the racketeering enterprise. *See* Trial 2 R.T. at 6625, 6640-42 (Government closing).

A new trial is also required under *Napue v. Illinois*, 360 U.S. 264 (1959), because the Government knew this promise of a material benefit was made to Mr. Hardisty and his attorney, but it failed to disclose it and permitted Mr. Hardisty to testify that he did not receive any benefits other than the relocation expenses. "The knowing use of false evidence by the state, or the failure to correct false evidence, may violate due process." *Towery v. Schriro*, 641 F.3d 300, 308 (9th Cir. 2010) (citing Napue, 360 U.S. at 269). Here, the testimony on benefits was false, the Government knew or should have known of the falsity, and, as argued above, it was material to the case against Mr. Foakes. *See*

*id.*

## V. CONCLUSION

For the foregoing reasons, Mr. Foakes respectfully requests that the Court grant his Motions for a New Trial, pursuant to Fed. R. Crim. P. 33.

Dated: February 15, 2024         Respectfully Submitted:

BORO LAW FIRM

*/s/ Albert J. Boro, Jr.*
ALBERT J. BORO, JR.

*/s/ Alanna D. Coopersmith*
ALANNA D. COOPERSMITH

Attorneys for Defendant
RAYMOND FOAKES