ALBERT J. BORO, JR. (CA Bar #126657)
ajboro@boro-law.com
BORO LAW FIRM
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 276-5870

ALANNA D. COOPERSMITH (CA Bar #248447)
alanna@eastbaydefense.com
Attorney at Law
717 Washington Street
Oakland, CA 94607
Telephone: (510) 628-0596
Facsimile: (866) 365-9759

Attorneys for Defendant
RAYMOND FOAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAYMOND MICHAEL FOAKES, and<br>CHRISTOPHER RANIERI,<br><br>    Defendants. | No. 17-CR-00533-EMC<br><br><br>SUPPLEMENTAL POST-RULE 33<br>HEARING MEMORANDUM |

Defendant Raymond Foakes files this Supplemental Memorandum to address a question raised by the Court at the March 21, 2024 hearing on his and co-defendant Christopher Ranieri's Rule 33 motions. At the hearing, the Court asked the parties if the outcome of the Rule 33 motion would be different if the Government had used the words "criminal activity" instead of "racketeering activity" in its rebuttal closing argument on the "Toy Run Fraud." The Government latched onto this question to trivialize its misconduct. Counsel for Mr. Foakes acknowledged the

result would be different, but he is filing this Supplemental Memorandum to make clear it would still have been error, just not necessarily a fatal variance.

As argued in the Rule 33 motion, the Government caused a fatal variance by urging the jury, over Mr. Foakes's objection, to convict the defendants of RICO conspiracy based on the "Toy Run Fraud" as "racketeering activity that transcends the eras." R.T. 7005;[1] *see* Dkt. #3455, 3581, 3700. The Government also referred to the "Toy Run Fraud" as "racketeering acts." R.T. 7005. And it argued it was similar to the extortion predicate acts, transitioning from its "Toy Run Fraud" argument by stating: "[a]nother racketeering -- category of racketeering activity that doesn't have a specified time limit is extortion." *Id*.

This prosecutorial misconduct was an attempt to undermine Mr. Foakes's central defenses at trial. Namely, (1) that he was imprisoned for most of the conspiracy period and did not agree to facilitate or be a member of the RICO conspiracy, or that a conspirator would commit two or more racketeering acts, (2) that the Hells Angels Sonoma County charter ("HASC") was a legitimate motorcycle club and not a RICO enterprise, and (3) Mr. Foakes's good character evidence. Tellingly, this prosecutorial misconduct occurred immediately after the Government had to correct its rebuttal argument to acknowledge that Mr. Foakes was in custody in 2008 and not President of HASC through 2010, and again that he was in custody in 2017 at the time of another alleged racketeering act. *See* R.T. 7004-05.

The hypothetical substitution of "criminal activity" and "criminal acts" for "racketeering activity" and "racketeering acts" in the Government's "Toy Run Fraud" argument would still result in error because it would violate the Court's Pretrial Orders. They required the Government to disclose all predicate acts and other acts in October 2022, and barred the Government from introducing at trial acts not identified in its pretrial cumulative list of acts. *See* Criminal Minutes & Pretrial Schedule at 2, filed Oct. 7, 2022 (Dkt. #2977); Pretrial Conference Order at 11, filed Mar. 6, 2023 (under seal). But such an error might not result in the fatal variance caused here. Unlike the Government's rebuttal closing, the "criminal activity" argument would not urge the jury to convict the defendants for RICO conspiracy based on conduct not identified as predicate acts in the

---

[1] "R.T." refers to the Reporter's Transcript of Trial 2 involving Messrs. Foakes and Ranieri.

SUPPLEMENTAL POST-RULE 33 HEARING MEMORANDUM                                       2

Superseding Indictment and pretrial filings and that, as a matter of law, is not racketeering activity. It also would not vitiate Mr. Foakes's defense that he never agreed to facilitate or further a RICO conspiracy or to two or more racketeering acts or to conducting the affairs of HASC through a pattern of racketeering.  *See* R.T. 6593 (final jury instructions).

Of course, we do not live in the hypothetical world.  The Government urged the jury to convict the defendants of RICO conspiracy based on the "Toy Run Fraud" as "racketeering activity that transcends the eras." R.T. 7005.  The prosecutorial misconduct resulted in a fatal variance of proof from the Superseding Indictment and Pretrial Orders and caused severe prejudice to Mr. Foakes's key defenses developed through the testimony of many defense witnesses and exhibits. *See United States v. Adamson*, 291 F.3d 606, 615-16 (9th Cir. 2002).  The error prejudiced the defendants' substantial rights, and the Court should grant a new trial.

Dated: March 23, 2024                                  Respectfully Submitted:

                                                                         BORO LAW FIRM

                                                                         */s/ Albert J. Boro, Jr.*
                                                                         ALBERT J. BORO, JR.

                                                                         ALANNA D. COOPERSMITH
                                                                         Attorney at Law

                                                                         Attorneys for Defendant
                                                                         RAYMOND FOAKES